1  IRELL & MANELLA LLP
   David Siegel (101355); dsiegel@irell.com
2  Daniel P. Lefler (151253); dlefler@irell.com
   Richard H. Zelichov (193858); rzelichov@irell.com
3  Pamela K. Graham (216309); pgraham@irell.com
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067
   Telephone: (310) 277-1010
5  Facsimile:  (310) 203-7199

6  Attorneys for Defendants
   SUPERCONDUCTOR TECHNOLOGIES INC.,
7  M. PETER THOMAS, and MARTIN S. McDERMUT

8  [additional counsel on signature page]

     UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF CALIFORNIA
     WESTERN DIVISION

13 MARC A. BACKHAUS, on Behalf ) Case No. CV-04-2680 DT (JTLx)
   of Himself and All Others Similarly ) Consolidated with
14 Situated,                         ) CV-04-02848 DT and CV-04-02927 DT
15         Plaintiff,                ) REVISED [PROPOSED] FINAL
   v.                                ) JUDGMENT
16                                   )
   SUPERCONDUCTOR                    ) (VERSION TWO)
17 TECHNOLOGIES INC.,                )
   M. PETER THOMAS, and              ) [Memorandum In Support of Motion for
18 MARTIN S. MCDERMUT,               ) Final Approval of Class Action Settlement
                                     ) and Declaration of Daniel P. Lefler In
19         Defendants.               ) Support of Motion for Final Approval of
                                     ) Class Action Settlement Filed
20                                   ) Concurrently]
21                                   )
                                     ) CLASS ACTION – PSLRA
22                                   )
                                     ) DATE:       August 8, 2005
23 This Document Relates To:         ) TIME:       10:00 a.m.
                                     ) PLACE:      255 East Temple Street
24 ALL ACTIONS                       ) COURTROOM:  880
                                     )
25                                   ) Honorable Dickran Tevrizian

REVISED [PROPOSED] FINAL JUDGMENT,
CASE NO. CV-04-2680 DT (JTLx)

1332832

## [PROPOSED] FINAL JUDGMENT

This matter came on for hearing on August 8, 2005, upon the application of the Settling Parties for approval of the Settlement set forth in the Stipulation of Settlement (the "Stipulation") dated as of March 8, 2005. Due and adequate notice having been given to the Settlement Class, and the Court having considered the Stipulation, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed Settlement, and having reviewed the entire record in the Class Action, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1.  The Court, for purposes of this Final Judgment and Order of Dismissal (the "Final Judgment"), adopts all defined terms as set forth in the Stipulation.

2.  The Court has jurisdiction over the subject matter of the Class Action, the Lead Plaintiffs, the other Members of the Settlement Class, and the Defendants.

3.  The Court finds that the distribution of the Notice of Pendency and Proposed Settlement of Class Action, Proof of Claim and Release, and publication of the Summary Notice of Proposed Settlement as provided for in the Order Preliminarily Approving Settlement and Approving the Form and Manner of Notice constituted the best notice practicable under the circumstances to apprise all Persons within the definition of the Settlement Class of the pendency of the Class Action and their rights in it, the terms of the proposed Settlement of the Class Action, and afforded Settlement Class Members with an opportunity to present their objections, if any, to the Settlement Stipulation. The Court finds that the provision of notice to Settlement Class Members fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, federal law, due process, the United States Constitution, and any other applicable law.

REVISED [PROPOSED] FINAL JUDGMENT,
CASE NO. CV-04-2680 DT (JTLx)

1332832

- 2 -

4. The Court finds that all Persons within the definition of the Settlement Class have been adequately provided with an opportunity to remove themselves from the Settlement Class by executing and returning a "request for exclusion" in conformance with the terms of the Settlement Stipulation and its exhibits.

5. This Court has certified a Settlement Class of all persons (except Defendants, members of the immediate family of any Individual Defendant, any entity in which any Defendant has a controlling interest, and the legal representatives, heirs, successors or assigns of any such excluded party) who purchased or otherwise acquired STI common stock during the period from January 9, 2004 through March 1, 2004, inclusive, excluding those persons (identified in Exhibit 1 hereto) who timely and validly requested exclusion from the Settlement Class.

6. With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Class Action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Lead Plaintiffs are typical of the claims of the Settlement Class; (d) the Lead Plaintiffs and their counsel have, at all times, fairly and adequately represented and protected the interests of the Settlement Class members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the members of the Settlement Class in individually controlling the prosecution of the separate actions, (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class, (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum, and (iv) the difficulties likely to be encountered in the management of the class action.

1  　　　　7.　　The Court approves the settlement of the above-captioned action, as set forth in the Stipulation, each of the releases, and other terms, as fair, just, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Stipulation.

　　　　8.　　Except as to any individual claim of those Persons (identified in Exhibit 1 hereto) who have validly and timely requested exclusion from the Settlement Class, the Class Action and all claims contained therein, as well as all of the Released Claims are dismissed with prejudice as to the Lead Plaintiffs and the other Members of the Settlement Class, and as against the Released Persons. The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation. By operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude, and shall preclude, the Lead Plaintiffs and all other Settlement Class Members from filing or pursuing any Released Claims under federal law or the law of any state. Without limiting the generality of the foregoing, by operation of the Judgment and under the terms of the Settlement Stipulation and the releases therein, it is intended to preclude and shall preclude, the Lead Plaintiffs and all other Settlement Class Members (including, but not limited to, Kenneth B. Anderson) from filing or pursuing any Released Claims (including derivative claims on behalf of STI that are based on the same underlying facts as the Class Action) under federal law or the law of any state (including, but not limited to, the claims in the lawsuit styled *Anderson v. Lockton, et al.*, Santa Barbara County Superior Court, Action No. 1168070).

9. Upon the Effective Date, the Representative Plaintiffs and their counsel on their own behalf and on behalf of all other Settlement Class Members, by operation of this Judgment shall fully, finally, and forever release, relinquish and discharge all Released Claims against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release. Without limiting the generality of the foregoing, the Representative Plaintiffs and their counsel on their own behalf and on behalf of all other Settlement Class Members (including, but not limited to, Kenneth B. Anderson), by operation of this Judgment shall fully, finally, and forever release, relinquish and discharge all Released Claims (including, but not limited to, the claims in the lawsuit styled *Anderson v. Lockton, et al.*, Santa Barbara County Superior Court, Action No. 1168070) asserted against each and all of the Released Persons, whether or not such Settlement Class Member executes and delivers the Proof of Claim and Release.

10. Upon the Effective Date, each of the Defendants and their respective counsel shall, and by operation of this Judgment shall, fully, finally, and forever release, relinquish and discharge each of the Representative Plaintiffs, the other Settlement Class Members, and counsel to the Lead Plaintiffs, from all claims (whether or not known or suspected) arising out of, relating to, or in connection with the institution, prosecution, assertion or resolution of the Class Action or the Released Claims.

11. Upon the Effective Date, the Representative Plaintiffs, the Settlement Class Members, and Representative Plaintiffs' Counsel shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Persons from all claims (including "Unknown Claims"), arising out of, relating to, or in connection with the defense, or resolution of the Class Action or the Released Claims.

12. The Court finds that the Class Action was not brought or defended in bad faith or without a reasonable basis. Defendants cannot assert any claim under

1  Rule 11 of the Federal Rules of Civil Procedure or any similar law, rule or
2  regulation, that the Class Action was brought in bad faith or without a reasonable
3  basis.  Lead Plaintiffs and the Settlement Class cannot assert any claim under Rule
4  11 of the Federal Rules of Civil Procedure or any similar law, rule or regulation that
5  any pleading filed, motion made or position taken by Defendants, or their counsel,
6  in the Class Action was filed, made or taken in bad faith or without a reasonable
7  basis.  The Court finds that the amount paid and the other terms of the Settlement
8  were negotiated at arm's length and in good faith by the Settling Parties, and reflect
9  a settlement that was reached voluntarily based upon adequate information and after
10 consultation with experienced legal counsel, and under the supervision of the
11 Mediator.

12          13.     Only those Settlement Class Members filing valid and timely Proofs of
13 Claim and Release shall be entitled to participate in the Settlement and receive a
14 distribution from the Settlement Fund.  The Proof of Claim and Release to be
15 executed by the Settlement Class Members shall further release all Released Claims
16 against the Released Persons.  All Settlement Class Members shall, as of the
17 Effective Date, be bound by the releases set forth herein whether or not they submit
18 a valid and timely Proof of Claim and Release.

19          14.     Neither the Stipulation nor the Settlement contained therein, nor any act
20 performed or document executed pursuant to or in furtherance of the Stipulation or
21 the settlement: (i) is or may be deemed to be or may be used as an admission of, or
22 evidence of, the validity of any Released Claim, or of any wrongdoing or liability of
23 the Defendants or their Related Parties; (ii) is or may be deemed to be or may be
24 used as an admission of, or evidence of, any fault or omission of any of the
25 Defendants or their Related Parties in any civil, criminal or administrative
26 proceeding in any court, administrative agency or other tribunal; or (iii) shall be
27 offered in evidence by any Settling Party for any purpose except as provided in this
28 ¶ 14.  Released Persons may file the Stipulation and/or the Judgment from this Class

1  Action in any other action that may be brought against them in order to support a
2  defense or counterclaim based on principles of res judicata, collateral estoppel,
3  release, good faith settlement, judgment bar or reduction of any theory of claim
4  preclusion or issue preclusion or similar defense or counterclaim. The Settling
5  Parties, their respective counsel or any other Member of the Settlement Class may
6  file the Stipulation in any proceeding brought to enforce any of its terms or
7  provisions.

8      15.   Any Plan of Allocation submitted by Lead Plaintiffs' Counsel shall in
9  no way disturb or affect this Final Judgment and shall be considered separate from
10 this Final Judgment.

11     16.   Without affecting the finality of this Judgment in any way, the Court
12 reserves exclusive and continuing jurisdiction over the Class Action, the Lead
13 Plaintiffs, the Settlement Class and the Released Persons for the purposes of:
14 (1) supervising the implementation, enforcement, construction, and interpretation of
15 the Stipulation, the Plan of Allocation, and this Judgment; and (2) supervising the
16 distribution of the Settlement Fund.

17     17.   Plaintiffs counsel are hereby awarded __30__ % of the Settlement Fund
18 in fees, which the Court finds to be fair and reasonable, and $__62,000.00__ in
19 reimbursement of expenses, plus interest on such expenses at the same rate as is
20 earned by the Settlement Fund from the date of funding to the date of payment,
21 which shall be paid in accordance with the Stipulation, to Lead Plaintiffs' Counsel
22 from the Settlement Fund. Lead Plaintiffs' Counsel shall thereafter allocate the Fee
23 and Expense Award among Representative Plaintiffs' Counsel in a manner which
24 Lead Plaintiffs' Counsel in good faith believe reflects the contributions of such
25 counsel to the prosecution and settlement of the Class Action. The Released
26 Persons shall have no responsibility for, and no liability whatsoever with respect to,
27 the allocation of the Fee and Expense Award among Representative Plaintiffs'
28 Counsel, or any other Person who may assert some claim thereto. Any

1 | modifications, reversal, or vacation of the award of attorneys' fees and expenses to
2 | Lead Plaintiffs' Counsel on appeal or in any further motions in this Court shall in no
3 | way disturb or affect any other part of this Final Judgment, including, but not
4 | limited to Paragraphs 8 and 9, which parts shall be considered separate and apart
5 | from the award of attorneys' fees.

DATED: Aug 8 2005

**DICKRAN TEVRIZIAN**
THE HONORABLE DICKRAN TEVRIZIAN
UNITED STATES DISTRICT JUDGE

Submitted by:

David Siegel (101355); dsiegel@irell.com
Daniel P. Lefler (151253); dlefler@irell.com
Richard H. Zelichov (193858); rzelichov@irell.com
Pamela K. Graham (216309); pgraham@irell.com
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

**Attorneys for Defendants**

William B. Federman
wfederman@aol.com
Stuart W. Emmons
swe@federmanlaw.com
Federman & Sherwood
120 N. Robinson Avenue, Suite 2720
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-1560
Facsimile: (405) 239-2112

**Lead Plaintiffs' Counsel**

and

Arthur R. Angel (214611)
AUGUSTINI & WHEELER
523 W. 6th Street
Los Angeles, California 90014
Telephone: (213) 629-8888
Facsimile: (213) 629-7600

**Liaison Counsel for Lead Plaintiffs**

REVISED [PROPOSED] FINAL JUDGMENT,
CASE NO. CV-04-2680 DT (JTLx)

1332832

- 8 -

## Exhibit 1

| Shareholder | Date of Purchase | Shares Purchased |
|---|---|---|
| William E. James | 1/22/2004 | 2000 |

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 28, 2005, I served the foregoing document described as **REVISED [PROPOSED] FINAL JUDGMENT (VERSION TWO)** on each interested party, as stated on the attached service list.

[X]  (BY OVERNIGHT DELIVERY SERVICE) I served the foregoing document by FedEx, an express service carrier which provides overnight delivery, as follows. I placed a true copy of the foregoing document in sealed envelopes or packages designated by the express service carrier, addressed, as stated on the attached service list, with fees for overnight delivery paid or provided for.

[X]  (BOX DEPOSIT) I deposited such envelopes or packages in a box or other facility regularly maintained by the express service carrier.

[ ]  (CARRIER PICK-UP) I delivered such envelopes or packages to an authorized carrier or driver authorized by the express service carrier to receive documents.

Executed on July 28, 2005, at Los Angeles, California.

I declare under penalty of perjury that the foregoing is true and correct.

Rosario Mostorino
(Type or print name)

_____
(Signature)

1332884.1 04

## SERVICE LIST

| | |
|---|---|
| William B. Federman, Esq.<br>Federman & Sherwood<br>120 N. Robinson Avenue<br>Suite 2720<br>Oklahoma City, OK 73102 | Thomas J. McKenna, Esq.<br>Gainey & McKenna<br>485 Fifth Avenue<br>Third Floor<br>New York, NY 10017 |
| Arthur R. Angel, Esq.<br>Augustini & Wheeler<br>523 W. Sixth Street, Ste. 300<br>Los Angeles, CA 90014<br><br>*Lead Counsel for Plaintiffs and Marc A. Backhaus* | Lionel Z. Glancy, Esq.<br>Peter A. Binkow, Esq.<br>Michael Goldberg, Esq.<br>Glancy Binkow & Goldberg LLP<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br><br>*Counsel for Kenneth B. Anderson*<br><br>William E. James, P.E.<br>2004 Centerview,<br>Midland, TX 79707 |

1332204.1 04